IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST. LUCIE COUNTY, FLORIDA.

ABDEL HAMMAD,

Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,
AND JOHN DOE, MANAGER,

Defendants.
_______________________________/

**COMPLAINT**

COMES NOW the Plaintiff, ABDEL HAMMAD, by and through undersigned counsel, and sues Defendants, LOWE'S HOME CENTERS, LLC, ("LOWE'S") and JOHN DOE, Manager, and in support, states as follows:

1. This is an action for damages that exceeds $50,000.00, exclusive of fees and costs, which is within the jurisdictional limits of this court.

2. At all times material hereto, the Plaintiff, ABDEL HAMMAD, was and is a resident of Port St. Lucie, Florida.

3. At all times material hereto, Defendant, LOWE'S HOME CENTERS, LLC, is a Foreign Limited Liability Company, operating under the laws of the State of Florida, conducting business at 701 N.W. St. Lucie West Boulevard, Port St. Lucie, Florida, St. Lucie County, Florida, as well as elsewhere.

4. At all times material hereto, upon information and belief, the Defendant, JOHN DOE, Manager, was and is an adult resident of St. Lucie County, Florida, and the manager of LOWE' located at 701 N.W. St. Lucie West Boulevard, Port St. Lucie, Florida.

5. On or about October 31, 2023, the Plaintiff was lawfully upon the premises at LOWE'S, located at 701 N.W. St. Lucie West Boulevard, Port St. Lucie, Florida

6. St. Lucie County is the proper venue for this action, as the cause of action which is the subject matter of this Complaint occurred in St. Lucie County, Florida.

**COUNT 1 – NEGLIGENCE OF LOWE'S HOME CENTERS, LLC**

7. Plaintiff, realleges and incorporates by reference, paragraphs one through six, as if fully set forth herein and further alleges:

8. On or about October 31, 2023, Defendant, LOWE'S, owned, leased, operated, possessed, controlled, and/or maintained the premises located at 701 N.W. St. Lucie West Boulevard, Port St. Lucie, Florida.

9. On or about October 31, 2023, the Plaintiff was an invitee on Defendant, LOWE'S, premises and sustained injuries when a bucket of asphalt fell on him and he sustained serious injuries.

10. At said time and place, Defendant, LOWE'S, owed a non-delegable duty of care to all invitees, including the Plaintiff to keep the premises free from dangerous conditions and hazards of which they knew or should have known and to exercise reasonable care in the operation, maintenance, and control of its premises, for the safety and welfare of persons lawfully using the premises, including the Plaintiff.

11. At said time and place, Defendant, LOWE'S, by and through it agents, servants, and/or employees, breached that non-delegable duty by carelessly and negligently creating a dangerous and hazardous condition by failing to securely place the bucket of asphalt on its shelf, and/or warn others of the dangerous condition, including the Plaintiff.

12. Plaintiff was injured due to a dangerous condition that was created by the actions and/or omissions of agents, servants, or employees of Defendant, LOWE'S, and allowed to exist on the property.

13. Defendant, LOWE'S, by and through its agents, representatives, or employees knew or should have known that a potentially dangerous condition existed at the aforementioned time and place.

14. Defendant, LOWE'S, negligently hired and/or failed to properly supervise others who performed work and services on its premises who caused and/or created the dangerous condition on the subject premises.

15. At said time and place, Defendant, LOWE'S, by and through its agents servants, employees and/or others over which it has responsibility and control breached its duty owed to Plaintiff, by committing one or more of the following negligent and/or careless acts of commission and/or omission:

a. By negligently, carelessly, and improperly maintaining its premises located at 701 N.W. St. Lucie West Boulevard, Port St. Lucie, Florida.

b. By negligently, carelessly, and improperly placing and securing the bucket of asphalt on its shelf, open to the public, including the Plaintiff;

c. Creating a dangerous condition for the Plaintiff, which caused the bucket of asphalt to fall on Plaintiff and sustain injuries;

d. By negligently, carelessly and improperly maintaining its property by allowing an improperly placed bucket of asphalt on its shelf, resulting in a dangerous and hazardous condition on its premises;

e. Failing to adequately train, supervise, advise and/or control its employees regarding customer safety;

f. Additional acts of negligence not yet discovered.

16. Defendant, LOWE'S, knew or should have known through the exercise of reasonable care of the dangerous condition created by failing to properly and securely place the bucket of asphalt on its shelf.

17. Defendant, LOWE'S, failed to implement and/or enforce policies and procedures reasonably calculated to mitigate, reduce and/or eliminate the risk of the injuries and harm discussed above.

18. Defendant, LOWE'S, failed to select, hire and/or train sufficient personnel whose job duties include actions reasonably calculated to mitigate, reduce and/or eliminate the risk of the injuries and harm discussed above.

19. As a direct and proximate result of the negligence of Defendant, LOWE'S, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning and loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, ABDEL HAMMAD, demands judgment against Defendant, LOWE'S HOME CENTERS, LLC, for damages in and further demands trial by jury on all issues so triable.

**COUNT II – NEGLIGENCE OF JOHN DOE, MANAGER**

20. Plaintiff, realleges and incorporates by reference, paragraphs one through six, as if fully set forth herein and further alleges:

21. On or about October 31, 2023, Defendant, JOHN DOE, Manager, was an employee/manager of LOWE'S, located at 701 N.W. St. Lucie West Boulevard, Port St. Lucie, Florida.

22. At all times material hereto, Defendant, JOHN DOE, Manager, owed Plaintiff a duty to maintain the store premises in a reasonably safe condition and to warn the Plaintiff of dangerous and/or hazardous conditions on its premises.

23. Defendant, JOHN DOE, Manager, negligently failed to exercise reasonable care by carelessly and negligently creating a dangerous and hazardous condition by failing to securely place the bucket of asphalt on its shelf, and/or warn others of the dangerous condition, including the Plaintiff.

24. At all times material hereto, at the time of the subject incident, Defendant, JOHN DOE, Manager, personally committed a tort by negligently failing to establish a procedure for regular inspection and maintenance of the premises or alternatively by failing to follow her own established procedures for the inspection and maintenance of the premises, and Defendant JOHN DOE, Manager, personally and negligently created the aforesaid dangerous condition, which was a hazard and trap for the Plaintiff.

25. Among the duties of Defendant, JOHN DOE, Manager, as the store manager, she was to:

a. Conduct, personally or through those under her control, reasonable periodic inspections, at reasonable intervals, to discover and to remove inherently dangerous conditions,

including but no limited to, hazardous conditions on the shelves and to remove such dangerous objects/debris prior to business invitees being injured thereby; and

b. Failing to follow established stocking policies and procedures in existence, operation, and effect at the time of the subject incident.

26. Had such duty been performed, the dangerous condition, which caused Plaintiff's injuries would have been observed in time to have been corrected.

27. But for the negligent failure of Defendant JOHN DOE, Manager, to perform such duties and responsibilities, Plaintiff would not have been injured.

28. At said time and place, the Defendant, JOHN DOE Manager, breached his/her duty owed to the Plaintiff by committing one or more of the following negligent acts of commission and/or omission:

a. By negligently, carelessly and improperly maintaining the premises;

b. By negligently, carelessly, and improperly placing and securing the bucket of asphalt on its shelf, open to the public, including the Plaintiff;

c. Creating a dangerous condition for the Plaintiff, which caused the bucket of asphalt to fall on Plaintiff and sustain injuries;

d. Failing to adequately inspect the premises;

e. Failing to adequately train, supervise, advise, and/or control its employees regarding customer safety;

f. Failing to follow established stocking policies and procedures in existence, operation, and effect at the time of the subject incident;

g. Additional acts of negligence not yet discovered.

29. Defendant, JOHN DOE, Manager, knew or should have known through the exercise of reasonable care, of the dangerous and/or hazardous condition that existed upon the premises.

30. As described hereinabove, Defendant, JOHN DOE, Manager, is liable for more than mere technical or vicarious fault, for the injuries sustained by the Plaintiff. The Defendant, JOHN DOE, Manager, was and is directly responsible for carrying out certain responsibilities, he/she negligently failed to do so, and as a result, the Plaintiff was injured. See White v. Wal-Mart Stores, Inc., 918 So. 2d 357 (Fla. 1st DCA 2005).

31. As a direct and proximate result of Defendant, JOHN DOE, Manager, the Plaintiff suffered bodily injury and resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, ABDEL HAMMAD, demands judgment for damages against Defendant, JOHN DOE, Manager, and further demands trial by jury on all issues so triable as a matter of right.

Dated this 11th day of March, 2024

**LAW FIRM OF**
**HOSKINS, TURCO, LLOYD & LLOYD**
302 South Second Street
Fort Pierce, FL 34950
772-464-4600, fax 772-465-4747
SHoskins@htllfirm.com
Taylor@htllfirm.com
Mark@httlfirm.com
Attorneys for Plaintiff

By: ***/s/ Mark Urban***
Mark Urban
Florida Bar No. 63455
Steve Hoskins
Florida Bar No. 311774
Taylor Hoskins
Florida Bar No. 118734