UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 24-14200-CIV-CANNON/MAYNARD

ABDEL HAMMAD,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,
DENNIS PLUMMER, DAVID
MCNULTY, AND MARIO CRUZ,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Abdel Hammad sued Defendant Lowe's Home Centers, LLC ("Lowe's") and a fictitious defendant store manager for negligence due to a bucket of asphalt falling on him while he was at a Lowe's store in St. Lucie West, Florida on October 31, 2023. The lawsuit was first filed on March 11, 2024 in the Circuit Court in and for St. Lucie County, Florida.

On June 21, 2024, Lowe's removed the case to federal court in accordance with 28 U.S.C. §§ 1332, 1441, and 1446(b)(3) and (c). DE 1. On July 9, 2024, the Honorable Aileen M. Cannon dismissed the complaint because fictitious party pleading is not generally permitted in federal court. Plaintiff was given an opportunity to file an amended complaint on or before July 24, 2024. DE 6.

On July 9, 2024, Plaintiff filed a Motion for Leave to Amend the Complaint by Substitution of Parties and Motion for Remand. DE 7. Judge Cannon denied the motion for leave to amend as moot and expressed no view on the motion for remand, indicating that the remand motion should be filed as a separate motion following any amended complaint. DE 8.

On July 24, 2024, Plaintiff filed a First Amended Complaint ("FAC"). Instead of Lowe's and a fictitious store manager, the FAC names Lowe's and three individual Defendants (Dennis Plummer, David McNulty, and Mario Cruz) alleged to be managers on duty at Lowe's at the time of Plaintiff's injury. The FAC alleges one count of negligence against Lowe's and one count of negligence against each employee/manager.

On August 23, 2024, Plaintiff filed a second Motion to Remand the Case to the Circuit Court and to Amend Case Style ("Motion"), DE 26, which is presently pending before this Court. Defendant filed a response in opposition. DE 30. No timely reply was filed.

On September 9, 2024, the Motion was referred to me. DE 32. I have reviewed the parties' briefing and the entire record in this case. Being fully advised, I respectfully recommend that Plaintiff's Motion be **DENIED** as follows.

## DISCUSSION

Defendant Lowe's removed this case to federal court on the basis of diversity jurisdiction. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a).

Plaintiff seeks remand on two grounds. First, Plaintiff seeks to "amend case style" in this matter to add three store managers as Defendants. Because these three managers are Florida citizens, adding them as Defendants destroys diversity between the parties.[1] Second, Plaintiff claims that the amount in controversy is not met. DE 26 at 4.

As to the first issue, Plaintiff should not be permitted to amend his complaint by adding the three store managers to defeat diversity jurisdiction. As to the second issue, Defendant has

---

[1] Plaintiff is a citizen of Florida and Lowe's is a foreign limited liability company organized under the laws of North Carolina with its principal place of business in North Carolina. DE 1 at 6-7. But for the addition of the three named store managers, complete diversity indisputably exists.

met its burden to establish that the amount in controversy exceeds $75,000.  I will address each of these issues in turn.

> **A.  Plaintiff Should Not Be Permitted to Add Non-Diverse Parties After Removal to Destroy Diversity.**

When a Plaintiff seeks to amend by adding defendants after removal, and doing so would destroy diversity jurisdiction, the court must analyze the motion under 28 U.S.C. § 1447(e). *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998).  Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id*.  The decision is left to the discretion of the district court.  *Laposa v. Walmart Stores D. LP*, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992)).

In deciding whether to permit or deny joinder, a district court must balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits.  *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).  To determine whether joinder is appropriate, courts consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff would be significantly injured if amendment were not permitted; and (4) any other factors bearing on the equities.  *See Gonzalez v. Home Depot USA Inc.*, 2021 WL 5027330, at *2 (S.D. Fla. Oct. 29, 2021) (citing *Hensgens*, 833 F.2d at 1182).[2]

---

[2] There is no binding authority in the Eleventh Circuit addressing "how a district court should decide whether to permit the joinder of a nondiverse defendant after removal." *Hickerson v. Enterprise Leasing co. of Ga., LLC.*, 818 Fed. Appx. 880, 885 (11th Cir. June 11, 2020).  In unpublished decisions, however, the Eleventh Circuit has applied the *Hensgens* balancing test.  *See id.*; *see also Reyes v. BJ's Restaurants, Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019); *Dever v. Fam. Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018).

The district court must scrutinize an amendment adding a non-diverse party post-removal more closely than an ordinary amendment and leave should be denied unless strong equities support the amendment. *Adkins v. Allstate Fire & Cas. Ins. Co.*, 2015 WL 64544, at *2 (M.D. Fla. Jan. 5, 2015) (quoting *Linares v. Home Depot U.S.A., Inc.*, 2012 WL 1441577, at *2 (S.D. Fla. Apr. 26, 2012); *Rutsky v. Target Corp.*, 2012 WL 5604620, *2 (S.D. Fla. Nov. 15, 2012). "In balancing the equities, the parties do not start on an equal footing." *Rutsky*, 2012 WL 5604620, at *2 (quoting *Sexton v. G&K Services, Inc.*, 51 F.Supp.2d 1275, 1281 (N.D. Ala. 2002)); *see also Korman v. Berkshire Life Ins. Co.*, 615 F.Supp.3d 1315, 1319 (S.D. Fla. 2022). This is because of the diverse defendant's right to choose between the state and a federal forum. *Rutsky*, 2012 WL 5604620, at *2; *see also Korman*, 615 F. Supp.3d at 1319 (*citing Bevels v. American States Ins. Co.*, 100 F.Supp.2d 1309, 1313 (M.D. Ala. 2000)). Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. *Rutsky*, 2012 WL 5604620, at *2 (citing *Hensgens*, 833 F.2d at 1181). Just as plaintiffs have the right to choose a state forum when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship exists. *Id*.

Here, Plaintiff claims he does not seek to add a new, non-diverse defendant post-removal, but rather seeks to "substitute the correct name for the Defendant store manager who was named in the Complaint at the outset" as John Doe. DE 7 at 4. Perhaps for this reason, Plaintiff does not mention 28 U.S.C. § 1447(e) or argue the *Hensgens* factors in any of its motions to amend or for remand. Plaintiff also noticeably failed to reply to Defendant Lowe's arguments in this regard. Upon due consideration, I find Plaintiff's position unavailing for the following totality of reasons.

First, 28 U.S.C. § 1447(e) still governs despite the naming of a fictitious defendant in the original complaint. *See Wade v. Dolgencorp, LLC*, 2009 WL 8630725, *1 (quoting *McPhail v.*

*Deere & Co.*, 529 F.3d 947, 950 (10th Cir. 2008)) ("Although § 1447(e) speaks of joinder, it has been held to apply when the complaint is amended to replace "John Doe" defendants with defendants identified by name."). Thus, the Court must give due regard to Defendant's choice of a federal forum in scrutinizing Plaintiff's proposed amendment.

Second, replacing "John Doe" with Plummer, McNulty, and Cruz "constitutes a change in the party sued." *Rutsky*, 2012 WL 5604620, at *3 (S.D. Fla. Nov. 15, 2012) (citing *Wayne v. Jarvis*, 197 F.3d 1098, 1102-03 (11th Cir. 1999), *overruled on other grounds, Manders v. Lee*, 338 F.3d 1304) (11th Cir. 2003) (citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468 (2d Cir. 1995) ("We have stated that it is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties."). Thus, adding Plummer, McNulty, and Cruz as defendants qualifies as a substantive amendment and not merely a substitution of parties. The Court must therefore scrutinize the amendment carefully and leave should be denied unless strong equities support the amendment.[3] *Adkins v. Allstate Fire & Cas. Ins. Co.*, 2015 WL 64544, at *2 (M.D. Fla. Jan. 5, 2015) (quoting *Linares v. Home Depot U.S.A., Inc.*, 2012 WL 1441577, at *2 (S.D. Fla. Apr. 26, 2012)); *Rutsky v. Target Corp.*, 2012 WL 5604620, *2 (S.D. Fla. Nov. 15, 2012).

Third, the circumstances surrounding the proposed amendment support a finding that the motive behind it is to destroy diversity. Plaintiff claims "the matter was removed before any

---

[3] This proposed amendment has not yet been substantively evaluated or scrutinized under 28 USC § 1447(e) as required. Plaintiff never sought leave to amend the complaint under 28 U.S.C. § 1447(e) and a proposed amended complaint was never reviewed under the *Hensgens* framework. Instead, Plaintiff was granted leave to amend his complaint through a *sua sponte* Order. DE 6. The Court then summarily denied as moot a motion for leave to amend complaint in light of the prior grant of leave to amend but made clear that "[t]he Court expresses no view on any potential Motion for Remand" pending receipt of the amended complaint and any separate motion to remand. DE 8.

discovery and Defendant Lowe's withheld the name of the store managers working at the time of the subject incident prior to removal." DE 7 at 1-2. The record belies this assertion. Plaintiff served Lowe's with interrogatories on March 11, 2024, the same day Plaintiff filed his lawsuit in state court. DE 1-6. Defendant's answers to Plaintiff's interrogatories, which were served on June 5, 2024, identified Plummer, McNulty, and Cruz as managers or supervisors who would have "information related to the alleged incident." DE 7-1 at 4. Although Plaintiff received Defendant's answers prior to removal, Plaintiff did not seek to amend his complaint until after Defendant removed the case to federal court. *See Hickerson v. Enterprise Leasing co. of Ga., LLC.*, 818 Fed. Appx. 880, 885 (11th Cir. June 11, 2020) (courts consider whether the plaintiff knew about the non-diverse defendant before removal yet sought to add the party for the first time after removal in determining whether purpose of amendment is to destroy diversity.)

Once the case was in federal court, the Court *sua sponte* issued an Order dismissing the original complaint after identifying the rule against fictitious party pleading. DE 6. It was only *after* this Order issued that Plaintiff took action by filing a motion seeking to amend the complaint to add named non-diverse store managers as additional defendants and remand this case. DE 7. The counts in the Amended Complaint against Plummer, McNulty, and Cruz are exactly the same except for the name of the manager involved. They are also duplicative of the count against the fictitious store manager identified in the original complaint, except the word "personally" is broadly and liberally sprinkled throughout in an apparent attempt to meet Florida law's requirement that a store manager, or other corporate agent or employee acting within the scope of their employment, cannot be held individually liable in tort unless the plaintiff alleges and proves that the manager or agent owed a duty to the plaintiff, and that the duty was breached through personal (as opposed to technical or vicarious) fault. *See Orlovsky v. Solid Surf, Inc.*, 405 So.2d

1363 (Fla. 4th DCA 1981); *see also White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005) (citing *McElveen v. Peeler*, 544 So. 2d 270, 271-72 (Fla. 1st DCA 1986)).  A manager or supervisor may not be held liable "'simply because of his general administrative responsibility for performance of some function of his employment'—he or she must be ***actively*** negligent." *Id*. (citing *McElveen*, 544 So. 2d at 272); *see also Vesta Constr. & Design, LLC v. Lotspeich & Assocs., Inc.*, 974 So. 2d 1176, 1180 (Fla. 5th DCA 2008) (emphasis added).  Here, the Complaint does not allege that Plummer, McNulty, or Cruz were actively negligent outside of boilerplate and conclusory allegations related to the maintenance, management, and supervision of the store.  Plaintiff failed to discuss the *Hensgens* factors in any of the pleadings relating to remand and failed to reply to Lowe's arguments in this regard.  Plaintiff's only proffered reason for adding Plummer, McNulty, and Cruz after removal is the claim that "the matter was removed before any discovery and Defendant Lowe's withheld the name of the store managers working at the time of the subject incident prior to removal," DE 7 at 1-2, which Plaintiff's own exhibit shows to be demonstrably untrue.[4]  While I do not find that Plaintiff has been dilatory in asking for an amendment,[5] the totality of the facts suggest that the true purpose of the requested amendment is to avoid federal jurisdiction, which weighs against permitting the amendment.

---

[4] Notably, Plaintiff did not timely file a response in opposition to Plummer, McNulty, and Cruz's pending motion to dismiss, which argues that the amended complaint fails to allege facts plausibly showing that the three individual defendants personally breached a duty owed to the Plaintiff.  DE 31.  Plaintiff's failure to respond could constitute grounds for the requested dismissal to be granted by default, which would remove these non-diverse Defendants from the equation altogether.

[5] Plaintiff has not been dilatory in seeking an amendment.  Plaintiff's injury at Lowe's occurred on October 31, 2023.  Plaintiff sued in state court on March 11, 2024.  Plaintiff learned the three managers' names from Defendant's interrogatory responses on June 5, 2024.  DE 30 at 9.  Weeks later, Defendant removed the case to federal court on June 21, 2024.  Plaintiff identified the three store managers by name in an Amended Complaint filed on July 24, 2024.  DE 9.  Thus, less than two months passed between when Plaintiff first learned the managers' names and when Plaintiff alleged causes of action against them.  This factor weighs in favor of amendment.

Fourth, while the doctrine of fraudulent joinder does not clearly apply in this situation because Plaintiff seeks to amend the complaint by adding a non-diverse defendant after removal,[6] it is a factor to consider in analyzing whether to permit joinder of a non-diverse defendant after removal. *See Ramai v. Waffle House, Inc.*, 2020 WL 8918201, at *2 (M.D. Fla. Mar. 31, 2020); *Nebula Glass Int'l, Inc. v. Reichhold, Inc.*, 2002 WL 33928919, at *2 (S.D. Fla. Oct. 15, 2002). It is not, however, dispositive. "It is simply another tool in the district judge's belt for scrutinizing the plaintiff's motive for joining a non-diverse party." *Korman*, 615 F. Supp.3d at 1321.

To allege fraudulent joinder, Defendant must establish that there is no possibility Plaintiff can establish a cause of action against Plummer, McNulty, or Cruz under Florida law. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). As Judge Ruiz astutely explained in *Korman*:

> The Eleventh Circuit has held that "if there is any possibility that the state law might impose liability on a resident defendant **under the circumstances alleged in the complaint**, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) (emphasis added). "In other words, if there is any ambiguity or doubt as to the substantive state law, remand to state court is favored. Importantly, such determination is made on the basis of the circumstances alleged in the complaint, not on any set of facts and circumstances that a Plaintiff may be able to conjure up in a future amended pleading.

*Korman*, 615 F.Supp.3d at 1322 (S.D. Fla. 2022) (emphasis in original). I note that as currently pled the Amended Complaint does not allege any facts plausibly showing personal or active negligence by the three store managers, which Florida law requires. While theoretically Plaintiff might be able to find some fact in the future that would plausibly show negligence, he has not done

---

[6] Fraudulent joinder is not the applicable doctrine on the joinder of a non-diverse defendant after removal. *Korman*, 615 F. Supp.3d at 1321 n. 5 (citing *Ibis Villas*, 799 F. Supp.2d at 1337); *Mayes*, 198 F.3d at 463 (fraudulent joinder doctrine "does not directly apply after removal because the district court already possesses jurisdiction); *Pointe Lake Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 2011 WL 13223565, at *4 n. 1 (S.D. Fla. June 8, 2011) (collecting cases for proposition that "[t]he fraudulent joinder doctrine … is not the applicable standard on the joinder of a non-diverse defendant *after* removal." (emphasis in original)).

so in the current iteration of his Complaint. At this point, Plaintiff has provided little in terms of factual allegations to support his boilerplate and conclusory allegations against the store managers. Because the issue of fraudulent joinder is not dispositive, here, I decline to make a specific finding in this regard. However, the possibility that the store managers have been fraudulently joined weighs against permitting amendment.

Fifth, Plaintiff will not be significantly injured if amendment is not permitted. There is no reason to believe Plaintiff could not receive full recovery from Defendant Lowe's without the presence of the individual managers as defendants. *See Laming*, 2015 WL 9244683, at *2 (denying similar motion because plaintiff could receive full recovery against Target, without adding Target's employee) (*citing Osgood v. Discount Auto Parts, LLC*, 955 F. Supp. 2d 1352, 1355-56 (S.D. Fla. 2013) (finding same)); *Sanders v. Asbury Auto. Grp., Inc.*, 2018 WL 11466490, at *2 (M.D. Fla. oct. 2, 2018) ("Plaintiff has made no indication that he would be unable to obtain full relief for his claims without joinder of the non-diverse party"). Plaintiff can obtain a judgment against Lowe's without the presence of the store managers, Plaintiff will have access to the same information in discovery with or without the managers in the case, there is no reason to believe Lowe's cannot satisfy any judgment, and Plaintiff is free to sue the individual managers in state court should he wish to do so. *See Rutsky*, 2012 WL 5604620, at *3 (denying amendment where Plaintiff could obtain full relief from Target, would be entitled to the same information in discovery, and was free to sue the individual defendant in state court if she wanted to do so). While it is true that a parallel state court lawsuit could cause Plaintiff additional costs and time and would not serve the purpose of judicial economy, Plaintiff is unlikely to pursue claims against the managers in state court because Lowe's is a fully solvent defendant who will be vicariously liable

for negligent conduct by the store managers, if any. This factor therefore weighs against amendment.

Sixth and finally, Defendant Lowe's choice of federal forum outweighs Plaintiff's interest in joining Plummer, McNulty, and Cruz as individual defendants. *Small v. Ford Motor Co*, 923 F. Supp. 2d 1354, 1356 (S.D. Fla. 2013) (citing *Hensgens*, 833 F.2d at 1182); *see also Sanders v. Asbury Auto. Grp., Inc.*, 2018 WL 11466490, at 2 ("Defendant's choice of a federal forum outweighs Plaintiff's interest in joining Smith as a defendant where such joinder would destroy diversity jurisdiction"); *Adkins*, 2015 WL 64544, at *3 (finding that the defendant's interest in maintaining a federal forum outweighed the interest of not having parallel lawsuits).

On balance, the *Hensgens* factors weigh against permitting amendment in this case. I thus recommend that Plaintiff's motion to "amend case style" and motion for remand be denied.

B.     **The Amount in Controversy Exceeds $75,000.**

As stated in the FAC, Plaintiff's claim for damages includes his alleged:

> bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical, and nursing care and treatment, loss of earning and loss of ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

DE 9 ¶¶ 20, 31, 42, 53. No specific amount of damages is alleged.

Defendant has demonstrated that the amount in controversy is met. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). The amount in controversy's sufficiency is determined at the time of removal. *Pretka*, 608 F.3d at 751. "[A]

removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id*. at 754.

To establish the amount in controversy, Defendant proffers Plaintiff's answers to Defendant's request for admissions. DE 7-2. In those answers, Plaintiff admits his past medical expenses relating to the alleged incident at Lowe's "are more than $75,000.00," his combined past and future medical expenses "exceed or will exceed $75,000.00," and the total damages incurred relating to the fall incident exceed $75,000.00.[7] *Id.* at 2-4. In light of Plaintiff's admissions, Defendant has established by a preponderance of the evidence that the amount in controversy requirement for diversity jurisdiction has been met. *Cerrone v. Walmart Stores E., LP*, 2023 WL 4636070, at *2 (M.D. Fla. July 20, 2023) (finding amount in controversy requirement met in removed slip and fall case based on Plaintiff's response to request for admission admitting that Plaintiff was "seeking total alleged damages against [Walmart] which exceeds $75,000, exclusive of interest, costs, and attorneys' fees"); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010) (to allow a plaintiff to claim one amount in controversy in discovery and then walk it back in a motion to remand would be to "provide plaintiffs with a trick by which they would make federal jurisdiction disappear").

## **CONCLUSION**

Based on the foregoing, I respectfully recommend that Plaintiff's Motion to Remand the Case to the Circuit Court and to Amend Case Style ("Motion"), DE 26, be **DENIED**.

---

[7] An attorney or party who signs discovery responses "certifies that to the best of the person's knowledge, information, and belief formed after reasonable inquiry ... with respect to a disclosure, it is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1). While these discovery responses were served while the case was in state court, Lowe's is entitled to rely on Plaintiff's discovery responses, and so is the Court. *See Pretka,* 608 F.3d at 771 (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, at n.63 (11th Cir. 2007)) ("the removing defendant generally will have no direct knowledge of the value of the plaintiff's claims ... such knowledge will generally come from the plaintiff herself").

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 21st day of November, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE